UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IVAN FICKEN,                                          :
                                                      :
         Plaintiff,                                   :          Civil Action No.:       19-3281 (RC)
                                                      :
         v.                                           :          Re Document Nos.:    14, 17
                                                      :
ISABEL GUZMAN,                                        :
                                                      :
         Defendant.                                   :

<u>**MEMORANDUM OPINION**</u>

GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S REQUEST
THAT THE COURT CONSIDER HIS SUBMISSION OF AN AFFIDAVIT OF SERVICE TO BE
SUFFICIENT VERIFICATION IN LIEU OF MISSING GREEN CARD

## I.  INTRODUCTION

Plaintiff Ivan Ficken brought this suit against Chris Pilkerton in his capacity as the Acting

Administrator of the Small Business Administration ("SBA").  Ficken asserts discrimination and

retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 633a.  Specifically, he alleges that the SBA discriminated against him by not hiring him

for jobs the agency posted in 2015 and 2017.  In October 2020, Jovita Carranza, then–SBA

Administrator,[1] filed a motion to dismiss, or, in the alternative, a motion for summary judgment

pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.  This Court ordered

Ficken to submit a memorandum responding to the SBA Administrator's motion by November

12, 2020.  Ficken failed to respond to the motion.  The Court converts the SBA's motion to

---

[1] There have been a few changes in SBA leadership since the beginning of this lawsuit.
The current Administrator, Isabel Guzman, was sworn in on March 17, 2021, and has been
automatically substituted as the defendant.  *See* Fed. R. Civ. P. 25(d).

dismiss into a motion for summary judgment, then grants it with respect to the 2015 claims and denies it with respect to the 2017 claims. Ficken's pending motion to submit an affidavit of service to the SBA in lieu of a missing green card is denied as moot.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Ivan Ficken was an employee of the Small Business Administration from 1984 to 1987. Compl. at 3, ECF No. 1. In 2015, Ficken, then seventy-one years old, applied for employment in response to an SBA employment announcement for a supervisory attorney position listed on the USAJobs website. *Id.* at 27. The job announcement limited eligibility to "current [SBA] employees." *Id.* Nevertheless, Ficken uploaded his application before the deadline "on or about January 20, 2015." *Id.* After "wait[ing] for weeks[,] even a couple months," Ficken learned that he did not receive the job. *Id.* at 28. He filed a formal EEO complaint, alleging age discrimination in connection with the SBA's determination that he was ineligible to be considered for the supervisory attorney position. *Id.*

In 2017, Ficken again alleged discrimination in connection with the SBA's failure to respond to an inquiry into an online SBA job announcement. Am. Compl. at 2–3, ECF No. 12. Ficken became aware of the job announcement on October 2017, which, he said, was "clearly NOT limited to 'current employees.'" *Id.* at 4. Roughly one month later, he sent an email to SBA attorneys Anthony Parham and Stacye Harness, who had been involved with the investigation of his 2015 EEO complaint, because he thought "they might have some influence in helping to get [him] hired," *id.* at 5, and they had "knowledge of everyone's obligation to help [him] mitigate his damages from the January, 2015 job announcement," *id.* at 7. Ficken informed the attorneys that if he did not hear from them within about a week's time, he would have no alternative but to apply through the email address associated with the job posting. *Id.* at

5.  And after receiving no response, he did just that.  *Id.*  Minutes after sending the email, Ficken

received an automated response with the subject line "Resume Received."  Am. Compl., Attach.

1, at 2.  The body of the email read: "If your skills match one of our openings, you will be

contacted by a staffing representative from the interested department.  As a result, we regret that

we are not able to personally contact everyone who hopes to join SBA."  *Id.*  In mid-February

2018, Ficken discovered that the SBA removed the web posting.  Am. Compl. at 6–7.  Ficken

contacted an SBA Equal Employment Opportunity ("EEO") Counselor about his non-selection

on March 15, 2018.  Am. Compl., Attach. 5, at 2.

On July 10, 2020, "in an overabundance of caution," Ficken filed a motion requesting

that the Court consider his affidavit of service to the SBA as proof of compliance with local and

federal rules in lieu of a missing document that he called a "green card."  Pl.'s Request at 1, ECF

No. 14.  Ficken said that he mailed the missing document as a requisite part of the summonses

sent to the SBA but never received it back from the agency.  *Id.* at 2.

In response to Ficken's complaint, the SBA Administrator filed a motion to dismiss, or,

in the alternative, a motion for summary judgment pursuant to Rules 12(b)(6) and 56 of the

Federal Rules of Civil Procedure.  Def.'s Mem. Supp. Mot. Dismiss or, in the Alternative, Mot.

Summ. J. ("Def.'s Mot"), ECF No. 17-1.[2]  The Court ordered Ficken to file a response by

November 12, 2020, or else the Court may treat the motion as conceded and dismiss his

---

[2] In its motion, the SBA did not raise Ficken's failure to effect service of process as a
defense.  *See generally* Def.'s Mot.  "But if a motion is made asserting any of the defenses listed
in Rule 12(b), any objection to process must be joined in that motion or it will be deemed
waived."  5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1353 (3d ed. 2020);
*see also* Fed. R. Civ. P. 12(b).  The SBA has thus waived any service-based defense, so Ficken's
motion asking the Court to excuse his faulty service is moot.

complaint.  *Fox/Neal* Order at 1–2, ECF No. 18.  Ficken failed to file a response by the Court-appointed deadline.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion to dismiss does not test a plaintiff's likelihood of success on the merits; instead, it tests whether a plaintiff has properly stated a claim upon which relief may be granted.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  When considering such a motion, a court presumes the complaint's factual allegations are true and must construe them in the light most favorable to the plaintiff.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Assuming all factual allegations are true, a plaintiff's right to relief must rise above "the speculative level."  *Twombly*, 550 U.S. at 555–56.

A court ruling on a motion to dismiss confines its review to factual allegations in the complaint, documents attached or incorporated into the complaint, and matters of which it can take judicial notice.  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  If the court considers other materials, it must treat the motion as one for summary judgment.  Fed. R. Civ. P. 12(d).  The decision to consider documents outside the pleadings and convert a motion to dismiss into one for summary judgment "is committed to the sound discretion of the trial court."  *Maldonado v. District of Columbia*, 924 F. Supp. 2d 323, 328 (D.D.C. 2013) (quoting *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006)).  The

court must make sure that conversion would be fair to both parties, ordinarily by giving them

notice and an opportunity to present evidence. *Id.* But there is an exception to the notice

requirement when "the defendant expressly moves for summary judgment in the alternative to a

motion to dismiss before discovery has been conducted, and relies upon extra-pleading material,

to which the plaintiff has an opportunity to respond." *Proctor v. District of Columbia*, 74 F.

Supp. 3d 436, 448 (D.D.C. 2014).

    If the court converts a motion to dismiss into a motion for summary judgment, the usual

summary judgment standard governs. *See, e.g.*, *id.* at 448–49. Pursuant to Federal Rule of Civil

Procedure 56, the Court may grant summary judgment only when the moving party "shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could affect the outcome of the

litigation, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is

"genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party, *see Scott v. Harris*, 550 U.S. 372, 380 (2007). The court must view the evidence in the

light most favorable to the nonmoving party and must draw all reasonable inferences in that

party's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011). The moving party "bears

the initial responsibility" of "identifying those portions" of the record that "demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has carried that burden, the opposing party must come forward with other

evidence showing that there is a genuine issue of material dispute for the trier of fact. *Grimes v.*

*District of Columbia*, 794 F.3d 83, 94–95 (D.C. Cir. 2015). "'[C]onclusory allegations' and

'unsubstantiated speculation' do not create genuine issues of material fact." *Bonieskie v.*

*Mukasey*, 540 F. Supp. 2d 190, 195 (D.D.C. 2008) (alteration in original) (quoting *Fujitsu Ltd. v.*

*Fed. Exp. Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

Finally, because Ficken has brought this lawsuit *pro se*, his filings are held to a "less

stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, *pro se* plaintiffs

must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp.

237, 239 (D.D.C. 1987), and the Court need not assume the role of plaintiff's advocate, *see*

*Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998); *Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168

n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a

*pro se* party's position.").

## IV.  ANALYSIS

### A.  Conversion to Motion for Summary Judgment

The SBA filed a motion to dismiss or, in the alternative, for summary judgment.  *See*

Def.'s Mot.  The Court agrees to convert the SBA's motion on both claims into one for summary

judgment because the motion relies on material beyond Ficken's complaint—namely, records

from the SBA investigation into Ficken's administrative complaint and his subsequent appeal.

*See* Def.'s Mot., Exs. 1–2, ECF No. 17-3.  Given that a court must treat a motion as one for

summary judgment if it considers other materials, Fed. R. Civ. P. 12(d), and that the decision to

consider documents outside the pleadings "is committed to the sound discretion of the trial

court," *Maldonado*, 924 F. Supp. 2d at 328 (quoting *Flynn*, 412 F. Supp. 2d at 50), the Court

finds that converting the motion to one for summary judgment is appropriate here.

When a party fails to file a response to a motion within a prescribed time, a court may

sometimes "treat the motion as conceded."  *See* Local Civ. R. 7(b).  But the D.C. Circuit has

rejected the application of that local rule to motions for summary judgment. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016). Therefore, even though Ficken has still not responded to the SBA's motion, the Court will not deem it conceded.

**B.  Ficken's 2015 Non-Selection Claims**

The Court can reject Ficken's claims based on the 2015 non-selection in short order. In a disparate-treatment case "where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not—*and should not*—decide whether the plaintiff actually made out a prima facie case." *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Instead, "the district court must resolve one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee . . . ?" *Id.* In other words, "the Court must first determine whether [the] defendant has articulated a legitimate non-discriminatory reason for" the adverse action." *Chappell-Johnson v. Bair*, 574 F. Supp. 2d 87, 96 (D.D.C. 2008), *aff'd*, 358 F. App'x 200 (D.C. Cir. 2009). "If so, the Court must then examine the evidence to determine whether a reasonable jury could deem this asserted reason mere pretext, designed to conceal intentional . . . discrimination and/or retaliation." *Id.*

Here, the SBA has proffered an undisputed explanation for its decision not to hire Ficken: the 2015 vacancy announcement was open only to current employees. Ficken admits he knew that when he applied. *See* Compl. at 27. But his employment at the SBA ended in 1987. *Id.* at 2. Moreover, Ficken did not produce evidence that the SBA's explanation for his non-selection was pretextual. He merely "theorized . . . that the only logical reason for that requirement being there was that they wanted someone with experience in at least *some* aspect of SBA's

operations." *Id.*  While the Court must draw all reasonable inferences in Ficken's favor, no

reasonable jury would find that the SBA discriminated or retaliated against him, a non-employee,

by not selecting him for a position open only to current employees.  Although given the

opportunity to do so, Ficken offered no evidence suggesting that the SBA posted the position for

internal applicants only to discriminate or retaliate against him.  Accordingly, the Court grants

the agency's motion for summary judgment on Ficken's claims over the 2015 job posting.

### C.  Timeliness of 2017 Non-Selection Claims

The SBA argues that Ficken did not timely exhaust administrative remedies with respect

to alleged discriminatory acts tied to the SBA's 2017 job posting.  The Court cannot agree.

The ADEA requires exhaustion of administrative remedies before proceeding with a civil

action for employment discrimination.  *See Mokhtar v. Kerry*, 83 F. Supp 3d 49, 61 (D.D.C.

2015); *see also* 42 U.S.C. § 2000e-16(c); 29 U.S.C. §§ 633a(b)–(c).  Ficken could have

exhausted administrative remedies in one of two ways: he could have either (1) "elect[ed] to

follow [the] . . . procedures" that exist under Title VII or (2) brought his "claim directly to

federal court . . . within 180 days of the allegedly discriminatory act" if he also "provid[ed] the

[Equal Employment Opportunity Commission] with notice of [his] intent to sue at least 30 days

before commencing suit."  *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 172

(D.D.C. 2016) (quoting *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003)).

Ficken chose to take the first approach.  The Title VII procedure provides that a federal

employee "who believes that []he has been the subject of unlawful discrimination must 'initiate

contact' with an EEO Counselor in [his] agency 'within 45 days of the date of the matter alleged

to be discriminatory.'"  *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) (citing 29 C.F.R.

§ 1614.105(a)(1)).  Importantly, the "time for [contacting an EEO counselor] starts to run when

the plaintiff has a reasonable suspicion that [he] has been the victim of discrimination." *Hines v. Bair*, 594 F. Supp. 2d 17, 22–23 (D.D.C. 2009) (first alteration in original) (quoting *Johnson v. Gonzales*, 479 F. Supp. 2d 55, 59 (D.D.C. 2007)).  If a plaintiff fails to timely contact an EEO Counselor, he may assert equitable considerations as grounds for tolling the limitations period. *See Stewart v. Ashcroft*, 352 F.3d 422, 425 (D.C. Cir. 2003) (stating that 29 C.F.R. § 1614.105(a)(2) "provide[s] that the time will be tolled if [the plaintiff] 'did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred'" (third alteration in original)).

The SBA argues that Ficken's claims relating to the 2017 job posting are time-barred. Def.'s Mot. at 12.  For that to be true, Ficken must have had reasonable suspicion that he suffered discrimination by January 29, 2018—45 days before he contacted an EEO Counselor. *See* Am. Compl., Attach 5, at 2.  And because untimely exhaustion is an affirmative defense, the SBA bears the burden of demonstrating an absence of material fact on the issue.  *See Faison v. Vance-Cooks*, 896 F. Supp. 2d 37, 51 (D.D.C. 2012).  It has failed to do so.

According to the SBA, Ficken must have believed that he suffered discrimination "on November 7, 2017, or at the latest, November 17, 2017."  Def.'s Mot. at 14.  It claims that Ficken's "prior persistence in pursuing the 2015 vacancy announcement" and his "long standing grievances with the SBA" indicate that Ficken "suspect[ed] every action taken by the SBA in relation to him [wa]s motivated by discriminatory animus." *Id.*  So when Ficken received no response from SBA attorneys Parham and Harness, the agency reasons, he surely thought he was the victim of discrimination. *Id.*

But even if Ficken suspected discrimination at every turn, the action he challenges is the SBA's refusal to hire him. *E.g.*, Am. Compl. at 1.  And he could not reasonably have known that

the SBA refused to hire him on November 7 or November 17.  By Ficken's account, the

November 7 email he sent was merely an initial contact reminding two SBA attorneys of the

agency's duty to mitigate his damages from prior alleged discrimination—it was not a job

application.  *See id.*  He would have had no reason to suspect that the agency would refuse to

hire him before he had even applied.  Similarly, November 17 is when Ficken submitted his

"statement of interest" to the SBA.  *Id.* at 5.  Without receiving something more than an

automatic response from the prospective employer, no job applicant would reasonably suspect

that he had not been hired on the day he applied for the position.

The SBA raises no other argument as to why Ficken should have suspected

discrimination by the end of January 2018.  It has thus failed to discharge its burden of showing

as a matter of law that Ficken's claims regarding the 2017 job posting were untimely.  The Court

denies the SBA's motion for summary judgment as to those claims.

## V.  CONCLUSION

For the foregoing reasons, the SBA's motion to dismiss or, in the alternative, motion for

summary judgment (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**; and

Ficken's pending motion regarding service of process (ECF No. 14) is **DENIED**.  An order

consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated: March 26, 2021                                            RUDOLPH CONTRERAS
                                                                      United States District Judge


10